IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT PAPINEAU, | ) | |
| #280 878, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:17-CV-221-RAH-JTA |
| | ) | [WO] |
| WARDEN DEBORAH TONEY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Petitioner, Anthony Papineau, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, filed this action under 28 U.S.C. § 2241 challenging the determination by the Alabama Board of Pardons and Paroles he is not eligible for parole consideration and claiming the parole board misapplied Ala .Code § 15-22-27.3 to the offenses for which he was convicted in violation of the *Ex Post Facto* Clause.[1] *See* Doc. 1 at 2. On April 25, 2017, the court issued an order directing Respondent to show cause why the writ of habeas corpus should not be granted. Doc. 4.  Respondents filed an answer and supplemental answer in which they argue, *inter alia*, that Petitioner's claims fail to demonstrate a violation of the *Ex Post Facto* Clause. *See* Docs. 7, 23.

---

[1] On June 30, 2011, a jury convicted Petitioner of first degree sodomy of a child under twelve (12) in violation of Ala. Code § 13A-6-63 and first degree sexual abuse of a child under twelve (12) in violation of Ala. Code § 13A-6-66. Doc. 1-3 at 3–4; Doc. 23 at 4–5; Docs. 23-1, 23-2. Papineau contends in his petition that application of Ala. Code §15-22-27.3, which became effective October 1, 2005, violates the *Ex Post Facto* Clause because the offenses for which he was convicted and sentenced occurred prior to the effective date of the statute. Doc. 1 at 1–2; Doc. 13 at 2.

Petitioner has now filed a motion to dismiss his habeas application. Doc. 24. He requests his petition be dismissed without prejudice stating it will not serve his "purpose" or "best interest" at this time to continue this cause of action. Doc. 24 at 1.

## I. DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While the *Rules Governing Section 2254 Cases in the United States District Courts* do not address voluntary dismissals,  Rule 12 of these rules provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See Hilton v. Braunskill*, 481 U.S. 770, 776  n.5 (1987) (indicating that the Federal Rules of Civil Procedure may be applied to habeas cases if they are not inconsistent with the Rules Governing Section 2254 Cases); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014). Thus, habeas petitioners also may avail themselves of the provisions in Fed.  R. Civ. P.  41.  *See Doster v. Jones,* 60 F. Supp. 2d 1258, 1259 (M.D. Ala.1999) (finding Fed. R. Civ. P. 41(a)(2) applies to federal habeas proceedings); *Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996) (holding that voluntary dismissal under Rule 41(a)(1) applies to habeas corpus petitions filed under 28 U.S.C. § 2254).

A district court has broad discretion "to allow a voluntary dismissal under Rule 41(a)(2)." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative

conditions.'" *Arias*, 776 F.3d at 1268-69 (quoting *McCants*, 781 F.2d at 856). "[I]n most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1502–03 (11th Cir.1991). Simple litigation costs, inconvenience to a defendant, and the prospect of a second or subsequent lawsuit do not constitute plain prejudice. *See Doster,* F.Supp.2d at 1260; *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).

Petitioner maintains Respondents will not suffer undue hardship or be prejudiced by the granting of his motion and states he desires to dismiss his petition because continuation of this cause of action at this time will not serve his "purpose" or "best interest." Doc. 24 at 1. The court has reviewed the file and the Petitioner's pending motion and determined that even if Respondents were given an opportunity to file a response to Petitioner's motion to dismiss, they could not demonstrate the existence of plain prejudice. Consequently, the court concludes this case should be dismissed without prejudice on the motion of Petitioner.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's motion to dismiss his petition under 28 U.S.C. § 2241 (Doc. 24) be GRANTED and this case be DISMISSED without prejudice.

The Clerk is DIRECTED to substitute Warden Deborah Toney for former Warden Christopher Gordy as a respondent. *See* Doc. 23 at 1 n.1.

It is

ORDERED that **on or before July 7, 2020**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections

will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of June, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE